IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DERRICK RODGERS, *et al.*, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | CASE NO. 2:08-CV-817-WKW |
| ) | |
| ESTATE OF JOHN S. CORZINE, ) | |
| DECEASED, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is a Motion to Remand (Doc. # 3), filed by Plaintiffs Derrick Rodgers and Michael Lightner (collectively "Plaintiffs"). Defendant Betty Corzine, as Personal Representative of John Corzine's Estate ("the Estate"), submitted a Response and Brief in Opposition to Plaintiffs' Motion to Remand (Doc. # 6). For the reasons set forth below, the court finds that the Motion to Remand is due to be granted.

**I. FACTS AND PROCEDURAL HISTORY**

On June 20, 2008, Plaintiffs filed this lawsuit in the Circuit Court of Barbour County, Alabama, against John S. Corzine ("Mr. Corzine") and Progressive Casualty Insurance Company ("Progressive"). Plaintiffs allege that Mr. Corzine's negligent and wanton behavior, along with Progressive's breach of contract with respect to Mr. Lightner's underinsured motorist coverage, caused them monetary and bodily injury. (Doc. # 1

(Compl. at 3-5).)  For each claim – negligence, wantonness, and breach of contract – Plaintiffs seek unspecified damages.[1]  (Doc. # 1 (Compl. at 3-5).)

Mr. Corzine's Estate removed the case to federal court on October 8, 2008, basing subject matter and removal jurisdiction on 28 U.S.C. §§ 1332(a) and 1441(a).  (Doc. # 1.)  Progressive consented to the removal.  (Doc. # 2.)  Neither the Estate's Notice of Removal nor the documents attached thereto make any mention of the specific amount in controversy.  Plaintiffs filed the present Motion to Remand within thirty days of the removal.

## II.  STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress.  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).  However, "[f]ederal courts are courts of limited jurisdiction."  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear.  "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."  *Id.*

---

[1] The court notes that as to the negligence claim, Plaintiffs request relief "exceeding the jurisdictional minimum of [state] court" (Doc. # 1 (Compl. at 3)); this request, however, is not sufficient to establish, nor is it specific as to, the minimum requirement for federal diversity jurisdiction.  *See* Ala. Code § 12-11-30(1) (providing that Alabama circuit courts have exclusive jurisdiction over civil actions where the matter in controversy exceeds $10,000 and concurrent jurisdiction with Alabama district courts where the matter in controversy is between $3,000 and $10,000).

### III. DISCUSSION

As grounds for their Motion to Remand, Plaintiffs challenge the propriety of the removal, asserting that diversity of parties is lacking and the jurisdictional amount in controversy requirement is not met. Federal district courts may exercise diversity jurisdiction over cases involving citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. §§ 1332(a)-1332(b).

Plaintiffs argue that the Estate fails to demonstrate that both the amount in controversy and diversity of citizenship requirements are satisfied. (Doc. # 3 at 1-2.)

The issue at this stage is the propriety of the removal. A defendant may base removal jurisdiction either (1) on "an initial pleading" or (2) at a later time, on "'an amended pleading, motion, order or other paper.'" *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212 (11th Cir. 2007) (citing 28 U.S.C. § 1446(b)), *cert. denied*, 128 S. Ct. 2877 (2008). In the second scenario, the amended pleading, motion or other paper must have been "received" by the defendant from the plaintiff. *Id.* at 1213 n.63.

If a plaintiff's challenge to a diversity-based removal is timely, the court is limited to reviewing the documents presented at the time of removal. *Id.* at 1213-14 (citing 28 U.S.C. § 1447(c)). Moreover, when the complaint alleges unspecified damages, the removing defendant must establish the amount in controversy by a preponderance of the evidence, *id.* at 1208, but may not conduct post-removal discovery to do so. Therefore, the court is strictly tied to the Notice of Removal and its accompanying documents when examining its jurisdiction. "[N]either the defendants nor the court may speculate in an

3

attempt to make up for the notice's failings," *id.* at 1214-15, and unless the jurisdictional amount "is either stated clearly on the face of the [removal] documents before the court, or readily deducible from them," *id.* at 1211, the case must be remanded.

Here, the Estate removed this action on the basis of the initial complaint. The Notice of Removal discusses the diversity of the parties and makes an unsupported assertion that the amount in controversy exceeds $75,000. The Estate's Notice of Removal is accompanied by the complaint and several filings from the state court. The court, therefore, can consider only the complaint and these attached documents in determining the propriety of removal. However, because the complaint alleges only unspecified damages and contains no other allegation whatsoever regarding the amount in controversy, the Estate cannot rely on it to establish the required jurisdictional amount. The documents which accompany the Notice of Removal and the original complaint also contain no support for the Estate's assertion that the jurisdictional minimum is met.

After filing its Notice of Removal, the Estate attempted to establish the amount in controversy by filing an affidavit from its insurer and a demand letter received by it from Plaintiffs before suit was filed. (Doc. # 6.) The Estate asserts that these documents show that Plaintiffs believe that their action is worth more than the $75,000 jurisdictional minimum. These documents, which may be persuasive under other circumstances, cannot be considered by the court, as they were filed after removal and are not part of the "initial

pleading" referred to in § 1446(b).[2]  Because the Estate has not satisfied its burden of showing that the amount in controversy requirement is met, the court cannot exercise jurisdiction and must remand the case.

### IV. CONCLUSION

For the foregoing reasons, it is ORDERED that:

1. Plaintiffs' Motion to Remand (Doc. # 3) is GRANTED;

2. This case is REMANDED to the Circuit Court of Barbour County, Alabama; and

3. The Clerk of the Court is DIRECTED to take appropriate steps to effect the remand.

DONE this 5th day of December, 2008.

/s/  W.  Keith Watkins
UNITED STATES DISTRICT JUDGE

---

[2] The Estate cited Judge Thompson's opinion in *Bankhead v. American Suzuki Motor Corporation*, 529 F. Supp. 2d 1329 (M.D. Ala. 2008), for the proposition that a "written settlement demand from the Plaintiff's attorney was sufficient to establish that the amount in controversy was in excess of $75,000." (Doc. # 6 at 5.)  That case is clearly distinguishable on at least two fronts.  First, *Bankhead* did not involve a challenge to removal on the initial pleading, that is to say, the propriety of removal (*see Lowery,* 483 F.3d at 1215 n.64), but rather a challenge to the jurisdiction of the court filed more than eight months after removal.  Second, and factually more relevant, the offer of settlement more than the jurisdictional amount that Judge Thompson considered was received by the defendant seven months *after* removal, thus amounting to "post-removal clarification of the removal notice showing that the amount in controversy at the time of removal far exceeded the jurisdictional requirement." *Bankhead*, 529 F. Supp. 2d at 1333.